# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF
## DIVISION

In re: §
§
Petrik, Paul A. § Case No. 10-51621
§
Debtor(s) §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter    of the United States Bankruptcy Code was filed on       . The undersigned trustee was appointed on       .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                    $

   Funds were disbursed in the following amounts:

   Payments made under an interim disbursement
   Administrative expenses
   Bank service fees
   Other payments to creditors
   Non-estate funds paid to 3rd Parties
   Exemptions paid to the debtor
   Other payments to the debtor

   Leaving a balance on hand of[1]                    $

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

     5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

     6. The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

     7. The Trustee's proposed distribution is attached as **Exhibit D**.

     8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

     The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____[2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $_____, and now requests reimbursement for expenses of $_____, for total expenses of $_____[2].

     Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____  By:/s/Joseph A. Baldi, Trustee_____
                                             Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

FORM 1

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page: 1

Exhibit A

| Case No: | 10-51621 | TAD | Judge: TIMOTHY A. BARNES | | Trustee Name: | Joseph A. Baldi, Trustee |
| --- | --- | --- | --- | --- | --- | --- |
| Case Name: | Petrik, Paul A. | | | | Date Filed (f) or Converted (c): | 11/18/10 (f) |
| | | | | | 341(a) Meeting Date: | 01/05/11 |
| For Period Ending: | 05/19/12 | | | | Claims Bar Date: | 05/26/11 |

| 1 | 2 | 3 | 4 | 5 | 6 |
| --- | --- | --- | --- | --- | --- |
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=554(a) Abandon DA=554(c) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Tax Refunds | 2,500.00 | 12,950.00 | | 8,900.00 | FA |
| Settled for turnover of tax refund per order 3/14/12 | | | | | |
| 2. Real Property | 289,000.00 | 0.00 | | 0.00 | FA |
| Owned by Debtor and nonfiling spouse in tenancy by entireties | | | | | |
| 3. checking account for (business) home realty | 400.00 | 0.00 | | 0.00 | FA |
| 4. Checking account MB Financial | 1,000.00 | 0.00 | | 0.00 | FA |
| 5. Joint Checking Account | 2,000.00 | 0.00 | | 0.00 | FA |
| 6. HOUSEHOLD GOODS | 2,000.00 | 0.00 | | 0.00 | FA |
| 7. Books and Art Objects | 100.00 | 0.00 | | 0.00 | FA |
| 8. Wearing Apparel | 1,500.00 | 0.00 | | 0.00 | FA |
| 9. Jewelry - costume | 100.00 | 0.00 | | 0.00 | FA |
| 10. United Life Insurance | 0.00 | 0.00 | | 0.00 | FA |
| 11. Pension Plan (403b) | 75,000.00 | 0.00 | | 0.00 | FA |
| 12. Retirement Fund | 3,500.00 | 0.00 | | 0.00 | FA |
| 13. Teachers' Retirement System | 0.00 | 0.00 | | 0.00 | FA |
| 14. 50% ownership of Curtiss Street Development | 0.00 | 0.00 | | 0.00 | FA |
| 15. 50% of GAP Development, LLC | 0.00 | 0.00 | | 0.00 | FA |
| 16. 100% of Home Room Reality, Inc. | 0.00 | 0.00 | | 0.00 | FA |
| 17. Broker's Licence | 0.00 | 0.00 | | 0.00 | FA |
| 18. 2008 Dodge Caravan 34,000 miles | 10,000.00 | 4,050.00 | | 8,100.00 | FA |
| Trustee settled with Debtor for equity in vehicle per order 3/14/12 | | | | | |

| | | | | | Gross Value of Remaining Assets |
| --- | --- | --- | --- | --- | --- |
| TOTALS (Excluding Unknown Values) | $387,100.00 | $17,000.00 | | $17,000.00 | $0.00 |
| | | | | | (Total Dollar Amount in Column 6) |

Case 10-51621   Doc 29   Filed 06/20/12   Entered 06/20/12 11:09:59   Desc Main
Document      Page 4 of 9

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page: 2
Exhibit A

| | | | |
|---|---|---|---|
| Case No: | 10-51621    TAD    Judge: TIMOTHY A. BARNES | Trustee Name: | Joseph A. Baldi, Trustee |
| Case Name: | Petrik, Paul A. | Date Filed (f) or Converted (c): | 11/18/10 (f) |
| | | 341(a) Meeting Date: | 01/05/11 |
| | | Claims Bar Date: | 05/26/11 |

_____

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Trustee negotiated with Debtor for turnover of estate's interest in tax refund and equity in vehicle (money received and

held in Estate bank account); Trustee filed motion to approve compromise and sale back to Debtor for equity in vehicle;

Court approved settlement and sale pursuant to order dated 3/14/12; Trustee contacted secured creditor to resolve

Trustee's objection to secured claim

Initial Projected Date of Final Report (TFR): 09/01/12          Current Projected Date of Final Report (TFR): 09/01/12

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

| Case No: | 10-51621 -TAD | Trustee Name: | Joseph A. Baldi, Trustee |
|---|---|---|---|
| Case Name: | Petrik, Paul A. | Bank Name: | Congressional Bank |
| | | Account Number / CD #: | *******5379 Checking Account (Non-Interest Earn |
| Taxpayer ID No: | *******8527 | | |
| For Period Ending: | 05/19/12 | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 |
|---|---|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Deposits ($) | Interest ($) | Checks ($) | Adjustments ($) | Transfers ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | | | 0.00 |
| 01/24/12 | 1, 18 | FRANK KOKOSZKA<br>Kokoszka & Janczur, P.C.<br>318 W Adams Street<br>Chicago, IL 60606 | TAX REFUND AND EQUITY IN VEHICLE | 17,000.00 | | | | | 17,000.00 |
| 02/07/12 | 001001 | International Sureties<br>701 Poydras Street #420<br>New Orleans, LA 70139 | TRUSTEE BOND NO. 016026455 | | | 13.44 | | | 16,986.56 |

|  | Account *******5379 | Balance Forward | 0.00 | | 1 Checks | 13.44 |
|---|---|---|---|---|---|---|
| 1 | Deposits | | 17,000.00 | | 0 Adjustments Out | 0.00 |
| 0 | Interest Postings | | 0.00 | | 0 Transfers Out | 0.00 |
| | Subtotal | $ | 17,000.00 | | Total | $ 13.44 |
| 0 | Adjustments In | | 0.00 | | | |
| 0 | Transfers In | | 0.00 | | | |
| | Total | $ | 17,000.00 | | | |

Case 10-51621    Doc 29    Filed 06/20/12    Entered 06/20/12 11:09:59    Desc Main
Document    Page 6 of 9

Page 1

**EXHIBIT C**
**ANALYSIS OF CLAIMS REGISTER**

Date: May 19, 2012

Case Number: 10-51621
Debtor Name: Petrik, Paul A.

Priority Sequence (No Pay Hold)

| Code # | Creditor Name & Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 001 3110-00 | Baldi Berg & Wallace, Ltd. 19 S. LaSalle St. Suite 1500 Chicago, IL 60603 | Administrative | | $0.00 | $2,561.50 | $2,561.50 |
| 001 2100-00 | JOSEPH A. BALDI, as Trustee 19 S. LaSalle Street Suite 1500 Chicago, Illinois 60603 | Administrative | | $0.00 | $2,450.00 | $2,450.00 |
| BOND 001 2300-00 | International Sureties 701 Poydras Street #420 New Orleans, LA 70139 | Administrative | | $0.00 | $13.44 | $13.44 |
| 000001B 050 4220-00 | Puritan Finance Corporation c/o Fred R. Harbecke 29 S. LaSalle, Suite 945 Chicago, IL 60603 | Secured | Amended 5/7/12-no longer claims secured (1-1) Real Estate (1-1) Modified on 2/8/11 to correct claim amount. | $0.00 | $0.00 | $0.00 |
| 000001A 070 7100-00 | Puritan Finance Corporation c/o Fred R. Harbecke 29 S. LaSalle, Suite 945 Chicago, IL 60603 | Unsecured | Amended 5/7/12 (1-1) Real Estate (1-1) Modified on 2/8/11 to correct claim amount. | $0.00 | $2,097,090.39 | $2,097,090.39 |
| 000002 070 7100-00 | Sofie Wolny c/o Vincent C. Mancini, Esq. 901 Warrenville Road, Ste. 175 Lisle, IL 60532 | Unsecured | (2-1) Business Debt | $1,060,000.00 | $1,060,000.00 | $1,060,000.00 |
| 000003 070 7100-00 | First DuPage Bank Jonathan P. Friedland Levenfeld Pearlstein, LLC 2 N. LaSalle St., Ste 1300 Chicago, IL 60602 | Unsecured | (3-1) Modified on 6/1/11 to correct credtiors address. | $0.00 | $875,000.00 | $875,000.00 |
| | Case Totals: | | | $1,060,000.00 | $4,037,115.33 | $4,037,115.33 |

Code #:  Trustee's Claim Number, Priority Code, Claim Type

# TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 10-51621
Case Name: Petrik, Paul A.
Trustee Name: Joseph A. Baldi, Trustee

Balance on hand $

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|---|
| 000001B | Puritan Finance Corporation | $ | $ | $ | $ |

Total to be paid to secured creditors $_____

Remaining Balance $_____

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Joseph A. Baldi, Trustee | $ | $ | $ |
| Attorney for Trustee Fees: Baldi Berg & Wallace, Ltd. | $ | $ | $ |
| Other: International Sureties | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses $_____

Remaining Balance $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $       must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $          have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be      percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001A | Puritan Finance Corporation | $ | $ | $ |
| 000002 | Sofie Wolny | $ | $ | $ |
| 000003 | First DuPage Bank | $ | $ | $ |

Total to be paid to timely general unsecured creditors     $_____

Remaining Balance     $_____

Tardily filed claims of general (unsecured) creditors totaling $     have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be     percent.

Tardily filed general (unsecured) claims are as follows:

NONE

      Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $        have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be        percent.

      Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE

UST Form 101-7-TFR (5/1/2011) *(Page: 9)*